UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:14-CR-138 |
| | ) | |
| JENNIFER GUTRIDGE | ) | |

## MEMORANDUM AND ORDER

Now before the Court is the defendant's counseled motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 687]. The United States has responded in opposition. [Doc. 693]. For the reasons that follow, the defendant's motion will be granted.

## I. BACKGROUND

In March 2016, the Honorable Thomas W. Phillips sentenced the defendant to a net term of 168 months' imprisonment for methamphetamine and money laundering offenses. The defendant is presently housed at FMC Carswell with a scheduled release date of February 25, 2027. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited October 30, 2020).

As noted, the defendant moves for immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. In support, she cites the COVID-19 pandemic, a history of congestive heart failure, hypertension, and other health issues.

## II.     DISCUSSION

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g., United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-
2

LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *Id.* at *2 (citations omitted).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A. Exhaustion

In this case, the record demonstrates that the defendant has previously asked the BOP to file a compassionate relief request on her behalf. [Doc. 687, ex. 1]. More than 30 days have passed since that request was received by the warden of her facility. [*Id.*]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

B. **Merits**

1. **Extraordinary and Compelling Reasons**

The Application Notes to guideline 1B1.13 provide, in material part:

1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A). The instant motion appears to be based on Application Note 1(A)(ii)(I), which requires a serious medical condition that substantially diminishes the ability to provide self-care within the prison environment and from which the movant is not expected to recover.

The defendant has submitted Bureau of Prisons medical records confirming that she suffers from hypertension, diastolic dysfunction, and an abnormal enlargement of the heart. [Doc. 687, ex. 1]. The Presentence Investigation Report ("PSR") in this case cites

4

documentation that the defendant has conditions including hypertension and congestive heart failure. [Doc. 500, ¶ 72]. The original PSR also noted "a portable defibrillator that she must wear at all times." [Doc. 451, ¶ 72]. The defendant has previously contracted COVID-19 while in BOP custody, and on August 5, 2020, was deemed to have recovered from that bout. [Doc. 693, ex. 1].

Persons with certain heart conditions, such as heart failure, are presently considered to be at increased risk of severe illness from COVID-19, and persons with hypertension may be at increased risk. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 30, 2020). In light of the defendant's congestive heart failure, the United States concedes that her medical condition constitutes an extraordinary and compelling reason within the meaning of § 1B1.13. [Doc. 693, p. 8]. On the record before it, the Court agrees.

### 2. Danger to Any Other Person or to the Community

Next, the Court must determine whether the defendant has shown that she would not be a danger if released. That is a close question in this case, but the Court ultimately concludes that the defendant has met her burden.

Guideline 1B1.13 provides that compassionate release is only appropriate where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2). Section 3142(g) outlines the factors the Court must consider in determining whether a defendant should be detained pending trial. Specifically, § 3142(g) provides:

5

(g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court has considered the above-listed factors and has familiarized itself with the defendant's PSR. The Court has also reviewed the defendant's BOP SENTRY Report.

In the instant case, the defendant mailed a substantial quantity of methamphetamine into this district over a period of more than one year. [Doc. 500, ¶¶ 17-19]. Unquestionably, that crime caused serious harm to the public. There is no evidence that the defendant used violence.

The defendant's criminal history, while sporadic, is also of concern. There are controlled substance convictions in 1993, 1999, and 2014, along with 2006 burglary. [*Id.*, ¶¶ 58-61]. There has been one probation violation, primarily relating to the offenses in this case. [*Id.,* ¶ 61]. Additionally, the defendant used methamphetamine for decades. [*Id.*, ¶ 74].

Conversely, the defendant's conduct while serving her current sentence has been commendable. There have been no disciplinary infractions. The defendant works as a suicide watch companion. She has participated in educational and vocational programming to complement her prior college-level coursework. [*Id.*, ¶ 75].

The defendant has submitted to the BOP a proposed release plan. At the Court's request, the United States Probation Office has investigated that plan and has found it to be acceptable.

Obviously, the Court's primary concerns are the defendant's extensive participation in the instant offenses, her prior controlled substance convictions, and her history of addiction. Of great note however, the BOP now deems the defendant a minimum security classification with a minimum risk of recidivism.

The defendant's conduct while serving her current term of imprisonment, combined with her medical conditions and acceptable release plan, persuades the Court that she would not pose a danger to the safety of any other person or the community if released. As recommended by the probation office, the Court will impose an additional special condition of supervision pertaining to residential reentry to further address its substance abuse concerns.

7

### 3. Section 3553(a) Factors

Section 3553(a) provides:

(a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];

   . . . .

(5) any pertinent policy statement guidelines [issued by the Sentencing Commission];

   . . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

8

18 U.S.C. § 3553(a).

Having considered these factors, the Court concludes that the time served in this case constitutes a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing. Many of the pertinent § 3553(a) factors have already been discussed in the preceding section of this memorandum. As for the considerations of adequate deterrence and the avoidance of unwarranted sentence disparity, the Court notes that the defendant has—with consideration of good time credit—served more than half of her lengthy sentence. Her health is poor and her post-sentencing conduct has been good. A five-year term of supervised release remains in place and, as noted, additional special conditions of supervision will be imposed.

The Court concludes that, in light of the defendant's physical condition and her post-sentencing conduct, continued incarceration would not serve the goals of sentencing as set forth in the § 3553(a) factors. Because the Court finds that the defendant has shown extraordinary and compelling reasons for compassionate release, and that she does not pose a danger to the safety of any other person or the community, and that a reduction in sentence would be consistent with the § 3553(a) factors, the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) will be granted.

### III. CONCLUSION

For the reasons stated herein, the defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [doc. 687] will be granted. While on supervised release, the defendant shall be subject to the following additional special conditions of supervision:

(1) You must reside at and participate in a Residential Reentry Center, a residential substance abuse treatment program, a 12-step based halfway house, a sober-living environment, or any combination thereof as approved and directed by the probation officer for up to 180 days, unless discharged earlier by the probation officer. You must follow all rules and regulations. You must contribute to programming costs in an amount determined by the probation officer.

(2) You must not use or possess alcohol or alcoholic beverages.

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan<br>United States District Judge